Debtor(s): **Melody Dawn Martz**       Case Number: **19-10008**

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA**

# Chapter 13 Plan – Western District of Louisiana- Shreveport Division

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

| **Part 1:** | Notices |

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☐ Included | ☑ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☑ Included | ☐ Not Included |

| **Part 2:** | Plan Payments and Length of Plan |

**2.1 Debtor(s) will make regular payments for a total of 60 months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** $**355.00** per **month** for **60** months, and

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then

Debtor(s): **Melody Dawn Martz**　　　　　　　　　　　　Case Number: **19-10008**

**Check one:** The applicable commitment period is:　36 months (Below Median Income)　☑
　　　　　　　　　　　　　　　　　　　　　　　　　60 months (Above Median Income)　☐

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

　　Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

　　**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

　　Debtor(s) will pledge income tax refunds as follows:

> **All income tax refunds excluding Earned Income Credit, Child Tax Credit, and $1,000.00 per debtor.**

**2.3 Additional Payments. (In addition to 2.1 above)**
　　*Check one.*

　　☑　　**None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

## Part 3:　Treatment of Secured Claims

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

　　*Check one.*

　　☑　　**None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

　　*Check one.*

　　☑　　**None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

　　*Check one.*

　　☑　　**None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

　　*Check one.*

　　☐　　**None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked. (1.6)*

　　☑　　The claims listed below were either: (1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

　　　　These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Debtor(s): | **Melody Dawn Martz** | | Case Number: | **19-10008** |
|---|---|---|---|---|
| **Name of Creditor** | **Collateral Description** | **Amount of Claim** | **Interest Rate** | **Estimated avg. monthly plan payment** |
| Nissan Motor Acceptance | 2013 Nissan Sentra 35,000 miles | $11,650.00 | 7.5% | $233.44 |

**3.4 Lien avoidance**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of Collateral**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Administrative fees**

Counsel elects the standing order "no look" fee    ☑ Yes    ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $ **3,600.00** of which $ **3,600.00** is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ **0.00** for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

**4.3 Priority claims other than attorney's fees and those treated in § 4.4.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑ The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations prepetition arrears other than those provided for in 4.4 below shall be disbursed by the Trustee:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Simon Fitzgerald, LLC | Noticing Costs | $250.00 |

**4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount**

*Check one.*

Debtor(s): **Melody Dawn Martz**  Case Number: **19-10008**

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

| Part 5: | Treatment of Non-priority Unsecured Claims |

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $**6,985.20**, it is anticipated unsecured creditors will be paid approximately $**1,752.64**, which is approximately **25.00** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $**465.76**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

| Part 6: | Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract |

**6.1 The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items or Direct Pay Unmodified Secured Debts.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Property Description | Current Installment Payment | Amount of Arrearages to be paid, if any | Number of Installments Remaining |
| --- | --- | --- | --- | --- |
| **Park Villa Apartments** | **Apartment Lease** | $610.00 | $0.00 | 10 |

Disbursed by:
☐ Trustee
☑ Debtor(s)
☐ Third party – Name & Relationship to Debtor(s)

| Part 7: | Vesting of Property of the Estate |

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

| Part 8: | Other Plan Provisions |

**8.1 Adequate Protection Payments:**

Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.

| Creditor | Adequate Protection Payment |
| --- | --- |
| **Nissan Motor Acceptance** | **$77.87** |

**8.2 Changed Circumstances.**

| Debtor(s): | **Melody Dawn Martz** | Case Number: | **19-10008** |
|---|---|---|---|

**Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.**

| Part 9: | **Nonstandard Plan Provisions** |
|---|---|

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

| Part 10: | **Signatures** |
|---|---|

**/s/ L. Laban Levy**  Date: **January 3, 2019**
**L. Laban Levy #28658**
Signature of Attorney for Debtor(s)

**/s/ Melody Dawn Martz**  Date: **January 3, 2019**
**Melody Dawn Martz**
Debtor

 Date:
Joint Debtor

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION
***************************

| | | |
|---|---|---|
| IN RE:  Melody Dawn Martz | : | Case No: 19-10008 |
| | : | |
| Debtor | : | Chapter 13 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **January 16, 2019** I caused a copy of the foregoing **Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee                             Todd S. Johns, Chapter 13 Trustee

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

**Dated:**  January 16, 2019

**By:**   /s/ Kristie C. Jones
         Kristie C. Jones,
         Legal Assistant to L. Laban Levy

```
Label Matrix for local noticing          APS                                      Advanced Cardiovascular Spec.
0536-5                                   POB 2006                                 P.O. Box 51008
Case 19-10008                            Memphis, TN 38101-2006                   Shreveport, LA 71135-1008
Western District of Louisiana
Shreveport
Wed Jan 16 10:01:22 CST 2019

American Collections                     Bossier Family Medical                   Christus Health
205 S. Whiting St., Ste. 500             POB 7582                                 915 Margaret Place
Alexandria, VA 22304-3632                Shreveport, LA 71137-7582                Shreveport, LA 71101-4313


Christus Physician Group                 Commonwealth Financial                   Credit Systems Intl Inc
POB 14099                                245 Main St.                             1277 Country Club Ln
Belfast, ME 04915-4034                   Scranton, PA 18519-1641                  Fort Worth, TX 76112-2304


Creditors Collection                     Cristina Walker                          Diagnostic Imaging Assoc, LLC.
4530 Old Cave Spring Rd.                 Assistant United States Attorney         POB 3488, Dept. 05-042
Roanoke, VA 24018-3423                   Western District of Louisiana            Tupelo, MS 38803-3488
                                         300 Fannin Street, Suite 3201
                                         Shreveport, LA 71101-3120

Enhanced Recovery Corp                   First Premier Bank                       Highland Clinic
8014 Bayberry Road                       601 S. Minnesota Ave.                    POB 51455
Jacksonville, FL 32256-7412              Sioux Falls, SD 57104-4868               Shreveport, LA 71135-1455


(p)INTERNAL REVENUE SERVICE              Internal Revenue Service                 (p)JEFFERSON CAPITAL SYSTEMS LLC
CENTRALIZED INSOLVENCY OPERATIONS        PO Box 7346                              PO BOX 7999
PO BOX 7346                              Philadelphia, PA 19101-7346              SAINT CLOUD MN 56302-7999
PHILADELPHIA PA 19101-7346


Todd Johns (Ch 13 Trustee)               L. Laban Levy                            Louisiana Department
Chapter 13 Trustee                       Simon, Fitzgerald, Cooke, et al          of Public Safety and Corrections
POB 1770                                 4700 Line Ave., Ste. 200                 POB 64886
Shreveport, LA 71166-1770                Shreveport, LA 71106-1533                Baton Rouge, LA 70896-4886


Louisiana Department of Revenue and Taxation   Melody Dawn Martz                  Neurology & Sleep Clinic
Attn: Bankruptcy Division                4220 Reilly Lane, Apt. D206              2205 East 70th Street
P.O. Box 66658                           Shreveport, LA 71105-2862                Shreveport, LA 71105-5321
Baton Rouge, LA 70896-6658


Nissan Motor Acceptance                  Nissan Motor Acceptance                  Office of District Counsel
PO Box 660360                            POB 660366                               Internal Revenue Service
Dallas, TX 75266-0360                    Dallas, TX  75266-0366                   POB 30509
                                                                                  New Orleans, LA 70190-0509


Park Villa Apartments                    Quest Diagnostics                        SCA Collections
4220 Reily Ln                            P.O. Box 7306                            POB 876
Shreveport, LA 71105-2838                Hollister, MO 65673-7306                 Greenville, NC 27835-0876
```

| Sound Physicians | State of Louisiana, Department of Labor | Office of U. S. Trustee |
| --- | --- | --- |
| POB 120153 | Delinquent Accounts Unit,UI Tech Support | 300 Fannin St., Suite 3196 |
| Grand Rapids, MI 49528-0103 | 1001 North 23rd Street, Room 322 | Shreveport, LA 71101-3122 |
| | Baton Rouge, LA 70802-3338 | |

Urgent Care
POB 5789
Shreveport, LA 71135-5789

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Insolvency Unit | Jefferson Capital System | End of Label Matrix | |
| --- | --- | --- | --- |
| Internal Revenue Service | 16 McIeland Rd | Mailable recipients | 33 |
| 1555 Poydras St. | Saint Cloud, MN 56303 | Bypassed recipients | 0 |
| Suite 220, Stop 31 | | Total | 33 |
| New Orleans, LA 70112 | | | |